UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD LEEROY COOPER,

        Petitioner,

v.                                             CASE NO. 04-CV-74790-DT
                                             HONORABLE JOHN CORBETT O'MEARA
TIMOTHY LUOMA,

        Respondent.
_____/

## OPINION AND ORDER GRANTING HABEAS CORPUS PETITION

Petitioner Richard Leeroy Cooper has filed an application for the writ of habeas corpus under 28 U.S.C. § 2254. He alleges that he is being detained unconstitutionally because he was denied his Sixth Amendment right to effective assistance of appellate counsel. The Court agrees. Therefore, the habeas petition will be granted.

### I. Background

Petitioner was charged in Midland County, Michigan with: (1) assault with a dangerous weapon, MICH. COMP. LAWS § 750.82; (2) resisting and obstructing a police officer, MICH. COMP. LAWS § 750.479; (3) aggravated domestic violence, MICH. COMP. LAWS § 750.81a(2); (4) possession of a firearm during the commission or attempt to commit a felony (felony firearm), MICH. COMP. LAWS § 750.227b; and (5) felon in possession of a firearm, MICH. COMP. LAWS § 750.224f. The trial court granted a directed verdict of acquittal on the charge of aggravated domestic violence, and on November 9, 2001, the jury found Petitioner guilty of the remaining four counts. The trial court sentenced Petitioner to two years in prison for the felony firearm conviction, following by twenty-three to seventy-two months for the assault with a dangerous

weapon, twenty-four to thirty-six months for resisting and obstructing an officer, and twenty-four to ninety months for being a felon in possession of a weapon.

Petitioner filed a claim of appeal through retained counsel. The Michigan Court of Appeals dismissed the claim for lack of jurisdiction because it was not filed within forty-two days of the judgment of sentence, as required by Michigan Court Rule 7.204(A)(2)(c). *See People v. Cooper*, No. 239613 (Mich. Ct. App. Mar. 21, 2002). Counsel for Petitioner moved to reinstate the appeal as of right on the ground that he was misinformed of the date of the judgment of sentence and did not learn the actual date of the judgment until after the deadline for the claim of appeal expired. The court of appeals was unpersuaded by the argument and denied rehearing.

Petitioner's appellate attorney then applied for leave to appeal under Michigan Court Rule 7.205. He argued that: (1) the entry into Petitioner's home without consent or a warrant violated Petitioner's right to be free from unreasonable searches and seizures; (2) the trial court's failure to grant a directed verdict of acquittal on the resisting and obstructing count was clearly erroneous; and (3) the trial court's supplemental instruction on assault with a dangerous weapon confused the jury and diminished the prosecutor's burden of proof. The court of appeals denied the application for delayed appeal "for lack of merit in the grounds presented." *People v. Cooper*, No. 241826 (Mich. Ct. App. Dec. 12, 2002). Petitioner raised the same claims and three new claims in the Michigan Supreme Court, which denied leave to appeal because it was not persuaded to review the issues. *See People v. Cooper*, No. 123217 (Mich. Sup. Ct. Apr. 29, 2003).

Petitioner subsequently filed a *pro se* motion for relief from judgment in which he alleged that: (1) the state district court violated his right to due process by introducing evidence of a

pending charge of child abuse; (2) the trial court's substitution of its own judgment for the magistrate's factual findings was clearly erroneous; (3) the trial court erred when it ruled that police officers had specific and articulate facts to support their belief that someone in Petitioner's home needed emergency medical aid; (4) the trial court abused its discretion by allowing inconsistent testimony; (5) his trial attorney violated his constitutional right to effective assistance of counsel; and (6) his appellate attorney's serious mistakes and failure to communicate with him violated his right to effective assistance of counsel. The trial court determined that Petitioner was not deprived of effective assistance of trial or appellate counsel. As for the other claims, the trial court stood by its previous findings and rulings and stated that Petitioner had not satisfied his burden of showing cause and prejudice for not raising the claims earlier.

On appeal from the trial court's decision, Petitioner alleged, among other things, that his appellate attorney's failure to file a timely claim of appeal and failure to consult with him amounted to ineffective assistance of counsel. The Michigan Court of Appeals denied leave to appeal for failure to establish entitlement to relief under Michigan Court Rule 6.508(D). *See People v. Cooper*, No. 251494 (Mich. Ct. App. Dec. 15, 2003). Petitioner raised the same claims in the Michigan Supreme Court, which also denied leave to appeal for failure to establish entitlement to relief under Rule 6.508(D). *See People v. Cooper*, No. 125300 (Mich. Sup. Ct. Feb. 27, 2004). Finally, on December 8, 2004, Petitioner filed his habeas corpus petition through counsel.

## II. Standard of Review

Petitioner is entitled to the writ of habeas corpus if he can show that the state court's adjudication of his claim on the merits–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (Justice O'Connor's majority opinion on Part II). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. "Avoiding these pitfalls does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002) (*per curiam* opinion) (emphasis in original). "Furthermore, state findings of fact are presumed to be correct unless the defendant can rebut the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1)." *Baze v. Parker*, 371 F.3d 310, 318 (6th Cir. 2004), *cert. denied*, 544 U.S. 931 (2005).

### III. Discussion

Petitioner's sole claim alleges ineffective assistance of appellate counsel. He contends that he had a meritorious Fourth Amendment issue to raise and that his attorney's failure to file a timely claim of appeal caused him to lose his only opportunity to obtain state court review of the

Fourth Amendment claim in an appeal of right. He asserts that he would have prevailed on his Fourth Amendment issue were it not for his attorney's professional neglect.

Petitioner also alleges that his appellate attorney failed to consult with him before filing an application for leave to appeal. The Court finds it unnecessary to address this issue, because the Court is conditionally granting habeas relief on the claim that appellate counsel failed to file a timely appeal.

### A.  Legal Framework

Defendants in criminal cases possess a constitutional right to effective assistance of counsel in their first appeal of right. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). The test for ineffective assistance has two components: "First, the defendant must show that counsel's performance was deficient. . . .  Second, the defendant must show that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This standard is used to evaluate appellate counsel's performance, as well as, trial counsel's performance. *Mapes v. Tate*, 388 F.3d 187, 191 (6th Cir. 2004).

An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687.

An attorney's deficient performance is prejudicial if "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. at 687. The defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to

undermine confidence in the outcome." *Id*. at 694.

### B. Application

Petitioner alleges that his attorney was ineffective for failing to file a timely claim of appeal. The United States Court of Appeals for the Sixth Circuit has stated that an attorney's failure to file a timely appeal at the request of a criminal defendant falls below an objective standard of reasonableness. *See Deitz v. Money*, 391 F.3d 804, 810 (6th Cir. 2004). "Without question, an attorney's failure or refusal to abide by established time deadlines in handling a client's appeal is conduct falling below the minimal standards of competency that federal case law has imposed upon counsel to satisfy constitutional safeguards." *White v. Schotten*, 201 F.3d 743, 752 (6th Cir. 2000), *overruled on other grounds by Lopez v. Wilson*, 426 F.3d 339 (6th Cir. 2005), *cert. denied*, __ U.S. __, 126 S. Ct. 1880 (2006). "In fact, such deficiencies have been held to constitute ineffective assistance of counsel per se." *Id*. (citing *Rodriquez v. United States*, 395 U.S. 327, 330 (1969));[1] *see also Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998) (holding that "the failure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment").

"Furthermore, when counsel's deficient performance leads to the forfeiture of a judicial proceeding, the prejudice prong of the *Strickland* test is presumed." *Paluskas v. Bock*, 410 F. Supp. 2d 602, 608 (E.D. Mich. 2006) (Lawson, J.) As explained by the Supreme Court,

> the complete denial of counsel during a critical stage of a judicial proceeding mandates a presumption of prejudice because "the adversary process itself" has

---

[1] The Supreme Court stated in *Rodriguez* that "[t]hose whose right to appeal has been frustrated should be treated exactly like any other appellant; they should not be given an additional hurdle to clear just because their rights were violated at some earlier stage of the proceedings." 395 U.S. at 330.

6

>been rendered "presumptively unreliable." The even more serious denial of the entire judicial proceeding itself, which a defendant wanted at the time and to which he had a right, similarly demands a presumption of prejudice. Put simply, [the Supreme Court] cannot accord any "'presumption of reliability,'" to judicial proceedings that never took place.

*Roe v. Flores-Ortega,* 528 U.S. 470, 483 (2000) (internal citations omitted). Prejudice is presumed, "with no further showing from the defendant of the merits of his underlying claims when the violation of the right to counsel rendered the proceeding presumptively unreliable or entirely nonexistent. *Id*. at 484.

Petitioner was deprived of an entire proceeding: his appeal of right. Although his attorney did file a timely application for leave to appeal Petitioner's Fourth Amendment claim, the appeal by leave was not an adequate substitute for his appeal of right. *See generally Lopez-Lorza v. Curtis*, No. 03-CV-60216-AA (E.D. Mich. Mar. 24, 2004) (Battani, J.) (unpublished opinion); *but see Walker v. McKee*, 366 F. Supp. 2d 544, 549 (E.D. Mich. 2005) (Gadola, J.) (concluding that "Michigan's unique appellate procedures were sufficient to provide a proceeding that was not 'presumptively unreliable or entirely nonexistent,' as is required to create a presumption of prejudice"); *Bair v. Phillips*, 106 F. Supp. 2d 934, 943 (E.D. Mich. 2000) (Duggan, J.) (stating that "[t]he failure to perfect Petitioner's direct appeal did not prevent Petitioner from challenging his conviction in the Michigan courts, because Petitioner was able to present his claims in a motion for postconviction relief" and further stating that "[t]he state courts' rulings on Petitioner's motion for postconviction relief granted Petitioner an adequate substitute for direct appellate review and therefore his attorney's advice did not cause him any injury"). Petitioner received a summary denial of leave to appeal, something that could not have occurred in an appeal of right. *Benoit v. Bock*, 237 F. Supp.2d 804, 811 (E.D. Mich. 2003)

7

(Lawson, J.).

## IV. Conclusion

The failure of Petitioner's appellate attorney to file a timely claim of appeal constituted deficient performance, and prejudice is presumed because the attorney's neglect deprived Petitioner of a proceeding to which he was entitled.  The trial court's decision that Petitioner was not deprived of effective assistance of appellate counsel resulted in an unreasonable application of Supreme Court precedent.  Therefore, the application for a writ of habeas corpus is GRANTED conditionally.  The State shall reinstate Petitioner's appeal of right in the Michigan Court of Appeals within sixty days and appoint counsel to assist Petitioner if he is unable to retain counsel. *Ward v. Wolfenbarger*, 323 F. Supp.2d 818, 830 (E.D. Mich. 2004) (Tarnow, J.); *Benoit*, 237 F. Supp.2d at 812.

s/John Corbett O'Meara
UNITED STATES DISTRICT JUDGE

Dated:  November 29, 2006

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, November 29, 2006, by electronic and/or ordinary mail.

s/William Barkholz
Case Manager