UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD LEEROY COOPER,

        Petitioner,

v.                                                           CASE NO. 04-CV-74790-DT
                                                             HONORABLE JOHN CORBETT O'MEARA

TIMOTHY LOUMA,

        Respondent.
_____/

## ORDER DENYING RESPONDENT'S MOTION
## TO VACATE THE CONDITIONAL GRANT OF THE WRIT

      This habeas corpus matter is pending before the Court on respondent Timothy Louma's motion to vacate the conditional grant of a writ of habeas corpus. The Court granted a conditional writ of habeas corpus on November 29, 2006, because Petitioner was deprived of effective assistance of appellate counsel. The Court ordered the State to reinstate Petitioner's appeal of right in the Michigan Court of Appeals within sixty days and to appoint counsel to assist Petitioner if he was unable to retain counsel.

      "[T]he sole distinction between a conditional and an absolute grant of the writ of habeas corpus is that the former lies latent unless and until the state fails to perform the established condition, at which time the writ springs to life." *Gentry v. Deuth*, 456 F.3d 687, 692 (6th Cir.), *cert. denied*, __ U.S. __, 127 S. Ct. 838 (2006). "Conditional grants of writs of habeas corpus are final orders," but federal district courts retain jurisdiction to determine whether a party has complied with the terms of the order. *Id*. "On the other hand, when a state meets the terms of the habeas court's condition, thereby avoiding the writ's actual issuance, the habeas court does

not retain any further jurisdiction over the matter." *Id*.

Respondent alleges that the Michigan Court of Appeals has reinstated Petitioner's claim of appeal. An exhibit to Respondent's motion confirms that, on January 17, 2007, the Michigan Court of Appeals remanded Petitioner's case to the trial court for a determination of whether Petitioner was indigent and whether he wanted to have appellate counsel appointed to represent him. The Court of Appeals retained jurisdiction and directed the trial court to appoint counsel for Petitioner if he was indigent and wanted appointed counsel.

Although Petitioner has not filed an objection to Respondent's motion, the Court is reluctant to vacate its opinion and order granting a conditional writ of habeas corpus. As noted, conditional grants of the writ of habeas corpus are final orders. "The reason that conditional orders are ordinarily considered final is that they generally terminate proceedings between the parties." *Phifer v. Warden, United States Penitentiary, Terre Haute, Indiana*, 53 F.3d 859, 862 (7th Cir. 1995). The Court has no further jurisdiction in this matter because the terms of the Court's prior opinion and order have been satisfied. *Gentry*, 456 F.3d at 692. Accordingly, the Court DENIES Respondent's motion to vacate the conditional writ of habeas corpus [Dkt. 24, Jan. 29, 2007].

                                      s/John Corbett O'Meara
                                      United States District Judge

Dated: July 13, 2007

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, July 13, 2007, by electronic and/or ordinary mail.

                                                      <u>s/William Barkholz</u>
                                                      Case Manager